# NOS. 12-19-00079-CR
# 12-19-00080-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LARRY COLEMAN HICKS,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

These appeals are being dismissed for want of jurisdiction. Larry Coleman Hicks, acting pro se, filed a notice of appeal regarding trial court cause numbers 007-1262-12 and 007-1263-12. In cause number 007-1262-12, the trial court signed an order of dismissal on May 17, 2013. In cause number 007-1263-12, sentence was imposed on February 11, 2013. Under the rules of appellate procedure, the notice of appeal must be filed within thirty days after the sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order; or within ninety days if the defendant timely files a motion for new trial. *See* TEX. R. APP. P. 26.2(a). Rule 26.3 provides that a motion to extend the time for filing a notice of appeal must be filed within fifteen days after the deadline for filing the notice of appeal. TEX. R. APP. P. 26.3. In this case, Appellant filed his notice of appeal on February 25, 2019, long after the time for filing a notice of appeal under Rule 26.2(a) or for seeking a motion to extend under Rule 26.3.

On March 4, this Court notified Appellant that the information received failed to show the jurisdiction of the Court, i.e., the order being appealed is not an appealable order. The notice informed Appellant that the appeals would be dismissed unless the information was amended on or before April 3 to show this Court's jurisdiction. On March 11, Appellant filed a letter with this Court, which we construe as a response to our March 4 notice. Appellant states that he needs a

video, purportedly missing, to show this Court's jurisdiction. He claims his neighbor has the original video and he seeks a subpoena from this Court for purposes of obtaining the video. Appellant's response does not demonstrate this Court's jurisdiction over his convictions.

"[I]n Texas, appeals by either the State or the defendant in a criminal case are permitted only when they are specifically authorized by statute." *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011). This Court is not authorized to extend the time for perfecting an appeal except as provided by the Texas Rules of Appellate Procedure.[1] *See* TEX. R. APP. P. 26.2, 26.3; *see also Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). In the present case, Appellant's appeals are untimely with respect to his original convictions and are unrelated to any new appealable order. Accordingly, we *dismiss* Appellant's appeals for *want of jurisdiction*.[2] *See* TEX. R. APP. P. 43.2(f).

Opinion delivered March 12, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[1] Only the court of criminal appeals has jurisdiction to grant an out-of-time appeal. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991); *see also Kossie v. State*, No. 01-16-00738-CR, 2017 WL 631842, at *1-2 (Tex. App.—Houston [1st Dist.] Feb. 16, 2017, no pet. h.) (mem. op., not designated for publication) (dismissing for lack of jurisdiction because appellant could not pursue out of time appeal without permission from court of criminal appeals); *see* TEX. CODE CRIM. PROC. ANN. art 11.07 § 3(a) (West 2005).

[2] Appellant also filed other appeals over which we lack jurisdiction. *See Hicks v. State,* No. 12-18-0036-CR, 2019 WL 302786 (Tex. App.—Tyler Jan. 23, 2019, no pet.) (mem. op., not designated for publication); *see also Hicks v. State*, No. 12-18-00307-CR, 2018 WL 6521643 (Tex. App.—Tyler Dec. 12, 2018, no pet.) (mem. op., not designated for publication); *Hicks v. State*, No. 12-18-00286-CR, 2018 WL 6191107 (Tex. App.—Tyler Nov. 28, 2018, no pet.) (mem. op., not designated for publication); *Hicks v. State*, No. 12-18-00263-CR, 2018 WL 5023619 (Tex. App.—Tyler Oct. 17, 2018, no pet.) (mem. op., not designated for publication); *Hicks v. State*, No. 12-18-00211-CR, 2018 WL 4214204 (Tex. App.—Tyler Sept. 5, 2018, no pet.) (mem. op., not designated for publication); *Hicks v. State*, No. 12-18-00164-CR, 2018 WL 3454878 (Tex. App.—Tyler July 18, 2018, no pet.) (mem. op., not designated for publication).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 12, 2019**

**NO. 12-19-00079-CR**

**LARRY COLEMAN HICKS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1262-12)

---

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 12, 2019**

**NO. 12-19-00080-CR**

**LARRY COLEMAN HICKS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1263-12)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*